**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MICHAEL MOATES, individually and on behalf of DC CHRONICLE,** | § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | Civil Action No.: 4:20-cv-00896 |
| **FACEBOOK INC.,** *et al.*, | § § § | |
| **Defendants.** | § § | |

## ORDER

On November 19, 2020, Plaintiff filed his Complaint against Defendants Facebook Inc., Facebook Payments Inc., Sheryl Sandberg, and Mark Zuckerberg (collectively, "Defendants"). *See* Dkt. 1. That same day, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (Dkt. 3). Plaintiff later filed an Amended Complaint (Dkt. 5) against Defendants and an Emergency Motion for Temporary Restraining Order (Dkt. 7).

The statute authorizing the Court to grant leave for a litigant to proceed *in forma pauperis* states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit." *Heath v. I.R.S.*, No. 3-02-CV-1518-H, 2002 WL 31086069,

at *1 (N.D. Tex. Sept. 16, 2002) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a)). A plaintiff who wishes to proceed *in forma pauperis* must file an affidavit attesting to his indigency. *See* 28 U.S.C. § 1915(a)(1). "The affidavit is sufficient if it states that, due to poverty, plaintiff cannot afford to pay the costs of legal representation and still provide for himself and his dependents." *Bright v. Hickman*, 96 F. Supp. 2d 572, 575 (E.D. Tex. 2000) (citing *Adkins*, 335 U.S. at 339; *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 697 (E.D. Tex. 1999)). "While plaintiff does not need to be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for himself and his dependents." *Id*. (citations omitted).

Plaintiff's affidavit (Dkt. 3 at 2–6) reveals that he is currently unemployed, he has only $2,200.00 in his bank account, and his monthly expenses total to $2,739.00. Thus, the Court finds that Plaintiff cannot afford the costs of litigation.

Based on the foregoing, the Court finds that Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 3) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Defendants a copy of Plaintiff's Amended Complaint (Dkt. 5), Motion for Temporary Restraining Order (Dkt. 7), and this Order. Upon receiving notice of service, the Court shall set a hearing for Plaintiff's Motion for Temporary Restraining Order (Dkt. 7).

**IT IS FURTHER ORDERED** that Defendants shall file a response to Plaintiff's Motion for Temporary Restraining Order no later than seven (7) days after receiving service.

**So ORDERED and SIGNED this 30th day of November, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE