IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MOATES, individually and on behalf of DC CHRONICLE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:20-cv-896-ALM-KPJ |
| FACEBOOK INC., *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

On November 19, 2020, Plaintiff Michael Moates ("Moates"), acting *pro se*, filed a Complaint on his behalf and on behalf of DC Chronicle, an alleged 501(c)(3) non-profit charity organization (collectively, "Plaintiffs"). *See* Dkt. 1. The Complaint initiated a lawsuit against Defendants Facebook Inc., Facebook Payments Inc., Sheryl Sandberg, and Mark Zuckerberg (collectively, "Defendants"). *See id.*

On November 25, 2020, Plaintiffs filed an Amended Complaint (Dkt. 5), alleging Defendants committed two types of fraud, are strictly liable in tort, violated the Americans with Disabilities Act, violated the Sherman Act, committed data theft, and breached a contract with Plaintiff. With respect to their fraud claims, Plaintiffs allege they invested a total of $10,546 with Defendant Facebook Inc., which they lost when their various accounts and pages were deactivated. *See id.* at 2, 4, 7. Plaintiffs attached an exhibit showing Moates spent $9,941 "on ads about social issues, elections or politics" from May 7, 2018 to November 22, 2020, and "DC Chronicle News" spent $605 "on ads about social issues, elections or politics" for the same time period. *See* Dkt. 5-1.

1

On November 25, 2020, Moates filed an Emergency Motion for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Be Issued (the "Motion") (Dkt. 6) on his behalf. The Motion requests the Court compel Defendants "to reinstate access to all accounts including Facebook App, Instagram, Messenger, CrowdTangle, Oculus and all associated features," "restrain[]" Defendants "from disabling any access to these accounts or any features until such time as a judge can make an order on the injunction," and "restrain [Defendants] and its employees from taking any adverse action against [Moates]." *Id.*

On November 30 and December 8, 2020, the Court entered two Orders (Dkts. 7, 8), in which the Court directed Moates to prepare service of process on Defendants and instructed the Clerk of Court to serve Defendants process, the Motion, and the Orders. The Court also ordered Defendants to file a response to the Motion. *See id.* The Court noted that, "[u]pon receiving notice of service, the Court shall set a hearing for Plaintiff's Motion for Temporary Restraining Order." Dkt. 7. On December 11, 2020, Defendants filed their response to the Motion (Dkt. 10).

Upon consideration, **IT IS HEREBY ORDERED** that the parties shall appear via videoconference to discuss the Motion (Dkt. 6) on **Wednesday, January 6, 2021, at 1:00 p.m.** The Court refers the parties to the Court's Standing Order Regarding Scheduled Hearings by Telephone or Videoconference in Civil Cases.[1] The Court provides access to the videoconference through the following URL:

**https://join.uc.uscourts.gov/invited.sf?secret=jr2wxnz9JgpHNZu.DiFqNg&id=290278421**

Participants are directed to access the videoconference no later than 12:55 p.m.

In addition, the parties are **ORDERED** to contact the Court and complete a test call with the Court's IT team prior to the hearing. To ensure a test call is scheduled and completed prior to

---

[1] Available at http://www.txed.uscourts.gov/?q=judge-magistrate-judge-kimberly-priest-johnson.

the hearing, the parties shall contact the Court no later than **December 30, 2020**.

**So ORDERED and SIGNED this 15th day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE