IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MOATES, individually and on behalf of DC CHRONICLE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:20-cv-896-ALM-KPJ |
| FACEBOOK INC., *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER**

On November 19, 2020, Plaintiff Michael Moates ("Moates"), acting *pro se*, filed a Complaint on his behalf and on behalf of DC Chronicle, an alleged 501(c)(3) non-profit charity organization (collectively, "Plaintiffs"). *See* Dkt. 1. The Complaint initiated a lawsuit against Defendants Facebook Inc., Facebook Payments Inc., Sheryl Sandberg, and Mark Zuckerberg (collectively, "Defendants"). *See id.* That same day, Moates filed a Motion for Leave to Proceed In Forma Pauperis. Dkt. 3.

On November 25, 2020, Plaintiffs filed an Amended Complaint (Dkt. 5), alleging Defendants committed two types of fraud, are strictly liable in tort, violated the Americans with Disabilities Act, violated the Sherman Act, committed data theft, and breached a contract with Plaintiff. With respect to their fraud claims, Plaintiffs allege they invested a total of $10,546 with Defendant Facebook Inc., which they lost when their various accounts and pages were deactivated. *See id.* at 2, 4, 7. Plaintiffs attached an exhibit showing Moates spent $9,941 "on ads about social issues, elections or politics" from May 7, 2018 to November 22, 2020, and "DC Chronicle News" spent $605 "on ads about social issues, elections or politics" for the same time period. *See* Dkt. 5-1.

On November 30, 2020, the Court entered an order granting Moates' Motion for Leave to Proceed In Forma Pauperis (Dkt. 7).

The Court notes that Plaintiffs' Amended Complaint alleges both Moates and DC Chronicle suffered injuries from Facebook. *See* Dkt. 5 at 11 ("Plaintiffs respectfully pray for a judgment against Defendants for . . . [c]ompensatory damages to be paid by all Defendants"). The Court further notes that, as of this date, DC Chronicle is not represented by counsel. *See* Dkt. 5. In federal court, a corporation is not permitted to proceed *pro se*. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (noting "a corporation cannot appear in federal court unless represented by a licensed attorney" is "the well-settled rule of law"). Accordingly, given DC Chronicle's current *pro se* status, along with Moates' *pro se* status, clarity on this issue, particularly whether Moates intends to retain counsel on behalf of DC Chronicle so that it may proceed in this lawsuit as a named plaintiff, is required. *See Memon*, 385 F.3d at 873 ("[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary.").

**IT IS HEREBY ORDERED** that Moates shall file a status report no later than **thirty (30) days** after receiving this Order, wherein Moates shall inform the Court whether it intends to retain counsel on behalf of DC Chronicle. Moates is herein warned that if DC Chronicle is not represented by legal counsel, it will be unable to assert its claims against Defendants in this lawsuit.

So ORDERED and SIGNED this 15th day of December, 2020.

2

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE