

**U.S. DISTRICT COURT**

**EASTERN DISTRICT OF TEXAS**

MAR 03 2021

Clerk, U.S. District Court
Eastern District of Texas

Mr. Michael Moates

Plaintiff

v.

Facebook Inc.

Defendant

Case No.: 4:20-cv-00896

**RESPONSE TO DEFENDANTS FACEBOOK INC.'S MOTION TO TRANSFER VENUE**

### Physical and Emotional Trauma By Defendants

It is sad that the Defendants want to continue to cause emotional and physical distress of the Plaintiff. As they are well aware due to statements made before the court, the Plaintiff suffers from both medical and psychiatric conditions that would make travel impossible. For example, the Plaintiff has been diagnosed with Asthma, Sleep Apnea, Insomnia, Anxiety, Attention Deficit Hyperactivity Disorder, and Binge Eating Disorder.

### Coronavirus Disease 2019

As the court is well aware, we are in the middle of a world-wide pandemic. The COVID 19 crisis has cause over 2.5 million deaths. Many of these caused by raspatory failure and lack of oxygen. According to Johns Hopkins Medical School, "The pneumonia that COVID-19 causes tends to take hold in both lungs. Air sacs in the lungs fill with fluid, limiting their ability to take in oxygen and causing shortness of breath, cough and other symptoms." The Plaintiff already suffers from a severe cough due to a lack of oxygen.

Now if you take into consideration that the Plaintiff has Asthma (uses a nebulizer and rescue inhaler) and stops breathing at night due to Sleep Apnea (uses a BiPAP machine to help him breathe) you understand that he already has issues with breathing which puts him a severe risk should he contract the coronavirus. In addition, the Texas Department of Health and Human Services says, "**anyone who has trouble breathing or who is unconscious, incapacitated, or unable to remove the mask or cloth face covering without help should not wear one.**[1]" The federal Center for Disease Control and Prevention states, "**Masks should NOT be worn by children under age 2 or anyone who has trouble breathing.**[2]" Finally, the State of California states, "Persons with a medical condition, mental health condition, or disability that prevents wearing a face covering. This includes persons with a medical condition for whom wearing a face covering could obstruct breathing or who are unconscious, incapacitated, or otherwise unable to remove a face covering without assistance.[3]"

This would mean the Plaintiff could not fly. Given an Executive Order by President Joe Biden[4] and a rule issued by the CDC[5] the Plaintiff would be unable to travel by air, bus, or train because he cannot wear a mask. Imagine not struggling to breath, then having a panic attack because your anxiety and asthma take control of you body. The only solution your BiPAP and Nebulizer which you can't use while traveling. This is impossible for multiple reasons but simply stated the Plaintiff would be unable to use his nebulizer and sleep apnea machines for

---

[1] https://www.dshs.texas.gov/coronavirus/faq.aspx#:~:text=Yes.%20Children%20under%202,should%20not%20wear%20one
[2] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-to-wear-cloth-face-coverings.html
[3] https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/guidance-for-face-coverings.aspx
[4] https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/21/executive-order-promoting-covid-19-safety-in-domestic-and-international-travel/
[5] https://www.cdc.gov/quarantine/masks/mask-travel-guidance.html

lung sustaining care. Furthermore, the "CDC recommends that you do not travel at this time.[6]"

The continue by saying "Travel increases your chance of getting and spreading COVID-19."

As of this filing there are nearly 1 million more confirmed coronavirus cases in California where the Defendants seek to transfer this case. Notwithstanding the travel, the Plaintiff would be further exposed by interacting with hotel workers, food/grocery store workers, etc. Also, most rideshare programs would not allow the Plaintiff since he can't wear a mask.

### Force Majeure

In addition to the Plaintiff's arguments, there are many issues with their Motion to Transfer. Starting again with Mrs. Pricer's perjury. Following that, they fail to address the Force Majeure clause in Section 12 of the Facebook Advertising Terms and Conditions. This clause states Excluding payment obligations, neither party will be liable for any delay or default in the performance of its obligations if such delay or default is caused by conditions beyond its reasonable control, including fire, flood, accident, earthquakes, telecommunications line failures, electrical outages, network failures or acts of God (collectively, Force Majeure)[7]. Also the Force Majeure for Oculus states "

Under said section, the Plaintiff is invoking the clause that he cannot be held liable for "the acts of God" or the coronavirus pandemic. Absent the invocation of this clause, the Plaintiff argues that he has met the standard in this exceptional case. If the threat of life to the Plaintiff and 2.5 million lost lives is not exceptional… what is? This is not mere convenience but a matter of life and death for the Plaintiff and others across the world. According to the CDC, "COVID-

---

[6] https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html
[7] https://www.facebook.com/business/direct_terms_ads_en. hp

19 cases, hospitalizations, and deaths are extremely high across the United States.[8]" The Plaintiff is more susceptible to airborne viruses.

Many courts have held that forum selection clauses are not valid during the pandemic when they are not practical. This is assuming the court has personal and subject matter jurisdiction over the dispute. See: Conduent Business Services, LLC v. Skyview Capital LLC, C.A. No. 2020-0232-JTL

### Impossibility and Frustration of Purpose Doctrines

The Impossibility and Frustration of Purpose Doctrines apply to this case. First, no one could have foreseen the COVID-19 circumstances that have arisen or how they would make litigation substantially more difficult for those with medical disabilities. Based on the CDC guidance not to wear a mask for risk of life and the CDC/White House order requiring all persons traveling (against their wishes I might add) MUST wear a mask. This creates an impossibility to travel for litigation. Also, the ability to use the BiPAP machine is vital and would likely not be possible during travel. It is important to note that the Plaintiff did not know at the time he entered into the agreement that he would be diagnosed with any sleep or breathing problems. These happened after the fact.

### Public Interest Factors

The public interest favors using the State of Texas as a venue for this litigation for multiple reasons: 1) Texas statutes are being evaluated, 2) as of this filing the State of Texas does NOT have a mask mandate in place, 3) Texas is a 100% open with no plans to close down[9]

Based on the information above, if the court were to grant the motion, a trial in the contractual forum would be so gravely impossible that the Plaintiff would, for all practical

---

[8] https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-during-covid19.html
[9] https://gov.texas.gov/news/post/governor-abbott-lifts-mask-mandate-opens-texas-100-percent

- 4 -

purposes, be deprived of its day in court. Due to this, it would be unjust. Also, asking the Plaintiff to travel during the pandemic would be contrary to public policy. As stated above, the CDC "strongly" recommends against travel.

### Exceptional Case

Lastly, a forum selection clause contained in a form contract constitutes an exceptional case. This contract was not a negotiation nor was the Plaintiff given any option to discuss the contract. It was dictated to him. They were written in a way that favor the Defendants only. For example, in the Instagram Terms of Service there are only clauses that allow them not to follow the contract such as "UNDER NO CIRCUMSTANCES WILL THE INSTAGRAM PARTIES BE LIABLE[10]..." In fact, the terms that would favor the Plaintiff such as the statement saying "you own all of the content and information you post on Facebook" which would give him access to his data, the Defendants have disregarded therefor causing an inequality of bargaining power.

This undermined the freedom to contract. The DC Circuit Court of Appeals ruled in Williams v. Walker-Thomas Furniture Co. that "where the element of unconscionability is present at the time a contract is made, the contract should not be enforced." They further continued "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party."

Finally, they had this to say in the judgement, "The manner in which the contract was entered is also relevant to this consideration. Did each party to the contract, considering his obvious education or lack of it, have a reasonable opportunity to understand the terms of the

---

[10] https://www.facebook.com/help/instagram/1188470931252371

contract, or were the important terms hidden in a maze of fine print and minimized by deceptive sales practices? Ordinarily, one who signs an agreement without full knowledge of its terms might be held to assume the risk that he has entered a one-sided bargain. But when a party of little bargaining power, and hence little real choice, signs a commercially unreasonable contract with little or no knowledge of its terms, it is hardly likely that his consent, or even an objective manifestation of his consent, was ever given to all the terms. In such a case the usual rule that the terms of the agreement are not to be questioned should be abandoned and the court should consider whether the terms of the contract are so unfair that enforcement should be withheld."

The Second Circuit Court of Appeals has ruled that when "enforcement would be unreasonable or unjust" or is "overreaching" it fails the test set in Phillips v. Audio Active Ltd.

For all the reasons listed above, the Plaintiff prays the court will deny the Motion to Transfer. The Plaintiff also renews his request for a hearing on the matter.

_____

Michael Moates

2700 Colorado Boulevard #1526, Denton, TX 76210

(817)999-7534

michael.moates@thenarrativetimes.org

CERTIFICATE OF SERVICE:

The Plaintiff certifies to the court that the counsel of record has been sent the response via electronic mail which was consented to by the Defendant.

_____

Michael Moates