U.S. DISTRICT COURT

EASTERN DISTRICT OF TEXAS

**FILED**

MAY 28 2021

Clerk, U.S. District Court
Eastern District of Texas

| | |
|---|---|
| Mr. Michael Moates | Case No.: 4:20-cv-00896 |
| Plaintiff | |
| v. | OBJECTION TO |
| Facebook Inc. | MAGISTRATE'S REPORT AND |
| Defendant | RECOMMENDATION |

The Magistrate Judge issued her "Report and Recommendations" See dkt 42. This is the formal specific objections to that report. First, the report cites three separate "terms of service" however only one of the terms is enforceable. The Plaintiff signed up for one Facebook account on July 13, 2014 and no other accounts were created despite the Defendants statements. According to the 9th circuit in Douglas v Talk America, "Parties to a contract have no obligation to check the terms on a periodic basis to learn whether they have been changed by the other side," wrote the judges. "Indeed, a party can't unilaterally change the terms of a contract; it must obtain the other party's consent before doing so... This is because a revised contract is merely an offer and does not bind the parties until accepted." So, with respect, the Plaintiff asks the court to disregard the Magistrate Judges comments on any subsequent terms of service because they do not apply to the Plaintiff. For that purpose, the Plaintiff will address only the original terms of service. Although, the Plaintiff argues he never agreed to any contract with Facebook when signing up.

- 1 -

Now with regard to the terms of service as they appeared on Facebook on July 13, 2014 it is important to note that the terms of service vague. The statement the Defendants are referencing is:

> You will resolve any claim, cause of action or dispute (claim) you have with us arising out of or relating to this Statement or Facebook exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County, and you agree to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims. The laws of the State of California will govern this Statement, as well as any claim that might arise between you and us, without regard to conflict of law provisions.

Here are the issues that cause vagueness and confusion:

1. "You" is not specific. I could interpret you to only apply to me and not any companies, organizations, or other 3rd parties that I use the platform on behalf of.
2. The term "us" is not specific. Does us refer to Facebook the platform, Facebook the company that would eventually merge with other companies? Does us cover Facebook employees or just the company?
3. The term "Facebook" is unclear. Does this mean Facebook the platform? Facebook the corporate company? This is unclear and creates confusion on what "Facebook" they are talking about.
4. "You" is not specific. I could interpret you to only apply to me and not any companies, organizations, or other 3rd parties that I use the platform on behalf of.

5. The term "us" is not specific. I could interpret the term us to apply only to Facebook the platform and not Facebook the company.

6. "Any claim, cause of action, or dispute (claim)" is not specific enough. This doesn't specify criminal, civil, or other matters. Some of which neither court above would have jurisdiction over. Furthermore, it creates an undue burden. For example, in regard to the grand jury subpoena (dkt. 20-13) it would require travel between New York, Texas, and California.

Arguments due to contractual language:

1. "This statement" is singular and is not specific on which statement it is referencing. Because they're are claims that are not covered in any statements or Facebook the platform this section is unenforceable to said claims.

Other Arguments:

1. Other than the existence of compelling public interest factors, *Atlantic Marine* does not state whether other factual circumstances may constitute an "exceptional case." I renew my argument that the COVID-19 pandemic qualifies as an exceptional case. Furthermore, I argue that unforeseen medical conditions listed in dkt. 36 constitute an exceptional case.

2. The Plaintiff further argues that because Facebook was his source of income and they subsequently terminated that source of income and because he paid them for this reach, this constitutes an exceptional case. Typically, this would be considered private interest factors, however, the Plaintiff argues that because the Defendant is taking actions that make it impossible for him to travel that this is not simply a private

interest factor but a key element of the case. In addition, in the Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, the court did not rule on whether other factual circumstances may constitute an "exceptional case." The Plaintiff argues here that they do. The court has already ruled that the Plaintiff is in forma pauperis. See dkt 7. You can also see where the Plaintiff listed under oath himself as self-employed via Facebook in dkt 3. In her recommendation, Judge Johnson cites Walker v. Carnival Cruise Lines which states "the court found enforcing a forum selection clause would pose grave difficulties on two plaintiffs. Id. at 1136, 1141–42. Both plaintiffs had such limited financial means that travel to another state would have been prohibitively expensive." The court ruled that "forum selection clause should not be enforced on other grounds that the Court failed to fully or adequately consider. Those grounds are: first, the fact that plaintiffs' physical disabilities and economic constraints are so severe that, in combination, they would preclude plaintiffs from having their day in court and, second, the fact that plaintiffs are seeking to vindicate important civil rights." The Plaintiff has argued both financial and disability related claims and argues that the precedent set here applies. Also, had the Plaintiff been given more than two days' time to gather information for the court he would have provide more information. As states, due to the court not allowing him because of an underlying medical condition that effected his ability to conform to mask mandate he was required to mail documents and in order to have them received by the court in time, he had to mail them well in advance of the court's deadlines. Respectfully, this is a matter that will be appealed to the 5th Circuit Court of Appeal for consideration should it not be able to be addressed prior

to the order on the Motion to Transfer. By not allowing the Plaintiff to e-file or enter the court without a mask, the magistrate judge deprived the Plaintiff of his right to due process of law.

3. The forum selection clause is unconscionable because it grossly favors the Defendants. A forum selection clause should not be enforceable when it has a great chance of putting the Plaintiff's life at risk. The fact that the contract was written in a way were it likely would cause the Plaintiff emotional, medical and psychological trauma without the other side having to make any effort makes it one-sided.

Objection to actions by the magistrate judge:

1. On 1/13/2021, the Plaintiff gave a verbal motion for electronic filing and waited nearly four months to deny the motion. This caused many issues. To start, it gave the Defendants an unfair advantage as they could submit documents outside of the court hours, which they did on numerous occasions. On 1/13 at 9:03 PM, 2/3 at 8:01 PM, 5/17 at 8:58 PM. Not only did they get a time advantage, but the Plaintiff was at a disadvantage by multiple days because he was required to mail documents which in order to reach the courthouse on time, they had to be mailed several days early. The judge would not allow the Plaintiff into the courthouse due to his medical conditions which prevented him from wearing a mask. Therefore, he was not afforded adequate time to research and prepare documents.

2. The magistrate judge has a conflict of interest and should have recused herself. She is or was a Facebook user[1,2] and has shown she favors the company[3].

---

[1] https://twitter.com/priestjohnson/status/459014571374940161
[2] https://twitter.com/priestjohnson/status/458980008158310400
[3] https://twitter.com/priestjohnson/status/458711618155589632

3. The magistrate judge assumes Facebook is right in saying I created an account in 2017 which I dispute, and they have not provided any evidence to support.

4. The magistrate judge cites two terms of service from 2017 and 2020 to which the Plaintiff is not even subject to. He was never notified, nor did he agree. See Douglas v Talk America.

5. The Plaintiff will also file a Motion to Transfer Venue should this case be transferred to California back to the federal courts in Texas. As of now, he plans to call 13 witnesses that reside in the State of Texas. Under 28 U.S. Code § 1404 - Change of venue, a change of venue may be granted "for the convenience of parties and witnesses." In addition to asking Moates to travel to California, these 14 witnesses would also have to travel to California. This would be cost extensive including air fare, hotels, food, rental cars, etc. While the Plaintiff expect to dispose various Facebook employees, this can be done online and would not cause any expense to the Defendants. At this time, he is not planning to call any witness from California, subject to change.

6. The magistrate judge penalized the Plaintiff for "but he only submits one hospital record dated May 14, 2020." This was because the Plaintiff had to rush to mail documents given the fact his request for efile was not answered for four months and subsequently denied. This caused him to have a 2 day turn around to write up documents before having to mail them to the court. Again, she states, he did not provide "physician notes, observations, diagnosis, or post-visit instructions." For the same reasons, the Plaintiff did not have the time he needed to gather this information. The information can be provided to the court if the Plaintiff is

afforded time to gather the documents. In addition, the order denying the request is contrary to the Rules and Orders of the US District Court Eastern District of Texas. Under CV-5, "With court permission, a pro se litigant may register as a Filing User in the Electronic Filing System solely for purposes of the action." There is no logical reason why the court would deny such a request when it admits there is a risk of "health and well-being of all individuals during the global COVID-19 pandemic." See dkt 41. In her order, the magistrate judge says the court "requires parties proceeding pro se to" … "file their papers in person" or "file their papers through mail."

7. The magistrate judge denied a request for oral arguments on this matter. That took away the ability for the Plaintiff to answer the courts questions regarding medical problems. The plaintiff is convinced the court does not understand the medical issues he faces.

8. The magistrate judge said that "Plaintiff's claim that he "may" experience anxiety and shortness of breath if he were to wear a mask and board a plane is too speculative." Let the Plaintiff be clear, there is a 98% chance the Plaintiff will experience anxiety and shortness of breath. On every single occasion the Plaintiff has worn a mask he has experienced shortness of breath which also resulted in an anxiety attack. She continues, "Plaintiff has not established he is unable to drive to California." The drive from Texas to California is around 21 hours. During the drive time, the Plaintiff would have no way to use his BiPAP machine, Nebulizer, or other electrical devices as they require 1) a steady stable environment, not a moving car due to water and liquid medication 2) a wall plug for electricity 3) access to water for the devices. Not having access to these devices puts the Plaintiffs life at risk and adds

to the likelihood of hospitalization. This would also cause a delay in any potential proceedings. As for flying, the same argument applies. During the flight time, the Plaintiff would have no way to use his BiPAP machine, Nebulizer, or other electrical devices as they require 1) a steady stable environment, not a moving car due to water and liquid medication 2) a wall plug for electricity 3) access to water for the devices.

9. The magistrate judge argues that the Plaintiffs claims about the removal of requirement for the Texas mask mandate are "wholly unsupported by the Executive Order. The Executive Order states, "individuals are strongly encouraged to wear face coverings" and "Nothing in this executive order precludes businesses or other establishments from requiring employees or customers to follow additional hygiene measures, including the wearing of a face covering." Id. at 1,568. The Executive Order GA-34 merely states the Texas gubernatorial branch will no longer use its authority to require individuals to adhere to certain public health protocols, but establishments **may** still impose such restrictions, so long as such restrictions do not run afoul of another law." But encouragement is not a requirement. There are many businesses who have lifted this requirement. In addition, as of this filing, California still requires masks and will continue to do so in the future. This does not take into account the states the Plaintiff would be required to travel through to get to California given the magistrates argument that he should drive 21 hours to California.

10. On the day the Plaintiff signed up, Facebook's website read "By clicking Sign Up, you agree to our Terms and that you have read our Data Use Policy, including our Cookie Use." The Plaintiff did not click{ing} Sign Up on the Facebook website. Technically, the Plaintiff is not subject to the subject to the Terms of

Service. In addition, Facebook did not have "terms." They had a "Statement of Rights and Responsibilities" to which the Plaintiff never agreed to. If the Defendants want to argue that the Plaintiff agreed to such terms, the Plaintiff requests that the Defendants show 1) that the Plaintiff was the individual who clicked the button and 2) that the plaintiff actually clicked the button.

11. Absent the ability to settle, the Plaintiff is intending to file (with an attorney) two additional lawsuits on behalf of organizations he represents. These cases will be filed in the Eastern District of Texas. These cases will likely not be transferred as the businesses did not consent to the terms. In addition, prudence would dictate that these cases be in the same court as many of the witnesses and evidence.

12. Finally, the Plaintiff alleges that the transferring this case to the Northern District of California would cause a major conflict of interest. The Court of the Northern District of California owns and operates a Facebook page. That makes them a customer of Facebook[4]. They are a consumer of the Defendants. The Eastern District of Texas does not own or operate such a page. There is a potential that if the request was granted, this would be used as grounds for appeal up to the Supreme Court. The entire district court has a conflict of interest with this case.

For all of the reasons listed above, the Plaintiff prays the court will draw different conclusions than the magistrate judge and not follow the recommendations.

---

[4] https://www.facebook.com/USDCCAND

_[signature]_

Michael Moates

2700 Colorado Boulevard #1526

Denton, TX 76210

(817)999-7534

michael.moates@thenarrativetimes.org

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via email pursuant to Local Rule CV-5.

_[signature]_

Michael Moates

2700 Colorado Boulevard #1526

Denton, TX 76210

(817)999-7534

michael.moates@thenarrativetimes.org