**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MICHAEL MOATES, | |
| Plaintiff, | |
| v. | Civ. Action No. 4:20-cv-00896-ALM-KPJ |
| FACEBOOK, INC., | |
| Defendant. | |

**DEFENDANT FACEBOOK, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON FACEBOOK'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

## INTRODUCTION

Magistrate Judge Priest Johnson issued a Report and Recommendation on May 14, 2021, Dkt. 42, recommending that the Court grant Facebook's motion, Dkt. 29, and transfer this action to the Northern District of California.  The R&R correctly concluded that the forum selection clause in Facebook's Terms of Service is valid, enforceable, mandatory, and encompasses Moates's claims, and that no "extraordinary circumstances unrelated to the convenience of the parties warrant denial of transfer."  R&R at 7-21.  Rather than identify any error in the thorough R&R, Moates's objections seek to raise new arguments and rehash contentions Judge Priest Johnson rightly rejected.  *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("issues" that are "first argued" in "objections to the magistrate judge's findings, conclusions and recommendations" are "not properly before the district court").  This Court should thus adopt the R&R in full and transfer this case to the forum in which Moates agreed to litigate his claims.[1]

## ARGUMENT

Moates raises three primary objections to the R&R.  First, he claims that he never agreed to a forum selection clause.  Dkt. 45 ("Obj.") at 1, 8-9.  Second, he claims that the forum selection clause is too vague to be enforced.  *Id.* at 2-3.  Third, he "renew[s]" his contention that this case is sufficiently "exceptional" to overcome a forum selection clause under *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 67 (2013).  Obj. at 3-4.  For the reasons discussed below and in Facebook's motion, reply in support

---

[1] Facebook further notes that Moates's nine-page filing violates Local Civil Rule 72(c), which provides that "[o]bjections to reports and recommendations and any response thereto shall not exceed eight pages."

thereof (Dkt. 39), and the R&R, none of Moates's arguments displaces his longstanding agreement to litigate his claims in the Northern District of California.[2]

## I.     MOATES AGREED TO FACEBOOK'S FORUM SELECTION CLAUSE

When Moates signed up for and continued using Facebook's services, he agreed to bring any claims arising out of or relating to his use of those services in the courts of Northern California.  *See* Mot. at 1-2.  Indeed, the operative complaint actually *alleges* that Moates entered into a contract with Facebook that contained a forum selection clause by agreeing to the company's Terms.  *See* Second Amended Complaint ("SAC"), Dkt. 20, ¶ 36 (acknowledging that the Terms served as Moates's "contract with the Defendant"); *see also id.* at 39 (Fifth Cause of Action ¶ 3) (alleging that "Plaintiff entered into Facebook[']s Terms of Service").  That makes sense, because the SAC also alleges that Facebook breached its Terms, *id.* at 40-42 (Sixth Cause of Action), and "by asserting a cause of action for breach of contract, Plaintiff necessarily implies his belief that the [contract—including the forum-selection clause—]is enforceable." *Emrit v. Watts, Guerra, L.L.P.*, 2014 WL 3970172, at *2 (W.D. Tex. Aug. 13, 2014); *see also* Mot. at 4 (collecting cases).  As explained previously, Moates cannot dispute that the Terms of Service apply to him when his claims are premised on that very contract.  Mot. at 4-5; Reply at 2.

---

[2] In addition to briefly reprising other arguments Judge Priest Johnson properly rejected, Moates offers several conclusory objections to the R&R.  He first claims that he was wrongly denied access to the Court's electronic filing system and should have been given oral argument, Obj. at 4-7, but does not identify any basis for overturning those discretionary decisions.  He then claims that Judge Priest Johnson and "[t]he Court of the Northern District of California" have conflicts of interest because they have Facebook pages, *id.* at 5, 9, but fails to explain why use of Facebook creates a disqualifying conflict.  Finally, he asserts that he plans to call Texas-based witnesses in this case and file future related suits in this district.  *Id.* at 6, 9.  Both of these (new) arguments relate to his (irrelevant) private interest in proceeding in this forum.  *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52, 64 (2013).

In his Objections to the R&R, however, Moates takes a different tack. Now he contends that "he never agreed to any contract with Facebook when signing up" and "is not subject to . . . the Terms of Service" because Facebook has not shown that Moates "actually clicked the button" to create a Facebook account. Obj. at 1, 8-9. Because Moates has not previously raised these arguments, they are not properly before the Court and must be disregarded. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("We have held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); *Armstrong*, 951 F.2d at 630 (so holding); *Cupit v. Whitley*, 28 F.3d 552, 535 n. 5 (5th Cir. 1994) (same); *Paup v. Texas*, 2017 WL 1129906, at *5 (E.D. Tex. Mar. 27, 2017) (same). But even if the Court were to consider these arguments—and it should not—Moates's new claim is flatly contradicted by the SAC. As noted above, Moates expressly pleaded that he agreed to the Terms of Service (which contain the forum selection clause) and accuses Facebook of violating that very contract. *Supra*, at 2. He may not now pick and choose among contractual terms to avoid his end of the bargain.

## II.   MOATES'S NEW ARGUMENT THAT THE FORUM SELECTION CLAUSE IS TOO VAGUE TO BE ENFORCED SHOULD BE REJECTED

Moates's claim that the forum selection clause is too vague to be enforced is a nonstarter. As with his contention that he never agreed to the Terms of Service, Moates has not previously challenged the language of the forum selection clause on this ground. His vagueness claim is thus not properly before the Court. *See Armstrong*, 951 F.2d at 630. Even if it were, Moates suggests common words and phrases make the clause unclear. Obj. at 2-3 (taking issue with the terms "you," "us," "Facebook," "any claim, cause of action, or dispute," and "statement"). But nothing about this easily understood language is ambiguous, much less ambiguous enough to preclude enforcing the agreement. Unsurprisingly, then, numerous courts have held that

Facebook's forum selection clause is valid and enforceable.  *See, e.g.*, *Loveland v. Facebook*, 2021 WL 1734800, at *5 & n.3 (E.D. Pa. May 3, 2021) (collecting cases and noting that "district courts have previously addressed this issue and unequivocally reached the conclusion that Facebook's forum selection clause is valid and enforceable"); *We Are the People, Inc. v. Facebook, Inc.*, 2020 WL 2908260, at *2 (S.D.N.Y. June 3, 2020); *Dolin v. Facebook, Inc.*, 289 F. Supp. 3d 1153, 1159-60 (D. Haw. 2018) (collecting cases); *Thomas v. Facebook, Inc.*, 2018 WL 3915585, at *4 (E.D. Cal. Aug. 15, 2018) (collecting cases).  Moates does not even attempt to distinguish these authorities enforcing the same contractual language at issue here.[3]

## III.   THIS CASE DOES NOT FALL WITHIN *ATLANTIC MARINE*'S NARROW EXCEPTION

Finally, Moates reprises his argument that this case is sufficiently "exceptional" to overcome a valid and enforceable forum selection clause.  Obj. at 3-4, 6-8.  But as before, he cannot meet the heavy "burden of showing why the court should not transfer the case to the forum to which the parties agreed."  *Atl. Marine Constr. Co.*, 571 U.S. at 64; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (party seeking to avoid a forum-selection clause bears a "heavy burden of proof").

---

[3] Moates argued that health and travel concerns made this an "exceptional case" under *Atlantic Marine*, frustrated the purpose of his contract with Facebook, and made his performance under that contract impossible.  *See* Dkt. 37 at 3-6.  Insofar as the R&R read Moates's opposition to instead argue that enforcing Facebook's forum selection clause "would pose grave difficulties and would violate the public policies of Texas" in light of his health problems and COVID-19, R&R at 7; *see also id.* at 9 n.4 (characterizing the contentions in Moates's opposition "as duplicative of" those the R&R addressed); *id.* at 11 (interpreting Moates's arguments about the "Public Interest Factor[s]" and whether this is an "Exceptional Case" to "advanc[e] reasons why enforcing the forum selection clause[] would violate Texas public policy"), it properly rejected these arguments and found the clause valid and enforceable, *id.* at 7-14.  Moreover, the Court correctly rejected Moates's alleged personal interest in litigating in this District as a basis to deny transfer.  Although the R&R considered that interest in the context of the validity and enforceability analysis, under *Atlantic Marine*, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests."  571 U.S. at 64.

Moates first argues that the COVID-19 pandemic and his health conditions make this an "exceptional case" because of the difficulty he would have traveling to California.  Obj. at 3.  As previously explained, these travel-related arguments are misplaced.  *See* Reply at 1-2.  So long as pandemic conditions persist, it is exceedingly unlikely that Moates will be required to appear in person in California.  *Id.* at 1.  And he may utilize the Northern District of California's electronic filing system without prior permission, thus continuing to litigate this case from his home in Texas.  *Id.* at 1-2.  But more importantly, these arguments are flatly precluded by precedent.  Where, as here, a forum-selection clause is valid and applicable, a court "should not consider arguments about the parties' private interests," *Atl. Marine Constr. Co*, 571 U.S. at 64, including any contentions "[]related to the convenience of the parties," *id.* at 52.  Instead, the court "must deem the private interest factors to weigh entirely in favor of the preselected forum."  *Id.* at 64.  Accordingly, even if Moates's travel-related objections had merit as a matter of fact—and they do not—they are beside the point as a matter of law.

Moates next argues that his economic situation makes this an exceptional case.  Obj. at 3-4.  Because he has not previously raised this argument, it is not properly before the Court.  *See Armstrong*, 951 F.2d at 630.  Regardless, as with his travel-related claims, Moates's personal

finances are irrelevant under the governing standard set forth *Atlantic Marine*.[4]  And nothing in

Moates's discussion of his financial situation even addresses, much less calls into question, the

R&R's conclusion that the public-interest factors favor transfer.  R&R at 18-21 (finding that "the

Northern District of California has a strong local interest in deciding this case"; "[t]he only

connection between this case and the Eastern District of Texas is [Moates's present location]";

"[t]he Northern District of California, as a federal court, is well-equipped to adjudicate the ten

federal claims" Moates brought and "more familiar with California law than this Court"; and

"the Northern District of California is deeply familiar with suits filed against Facebook by its

former and current users").

## CONCLUSION

The Court should adopt the Report and Recommendation, grant Facebook's motion, and

transfer this case to the Northern District of California.

---

[4] Moates relies on *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000), for
the proposition that a plaintiff's financial difficulties can overcome a forum selection clause.  *See*
Obj. at 4.  But that case was decided more than a decade before *Atlantic Marine* set forth the
relevant test.  In any event, Judge Priest Johnson distinguished *Walker* in her separate discussion
of whether Facebook's forum selection clause is enforceable, concluding that any difficulties
Moates would face in (potentially) traveling to California are far less severe than those of the
plaintiffs in *Walker*.  *See* R&R at 8; *see also id.* at 10 (noting that Moates's claims were "too
speculative" and that "the Court is not convinced a report documenting one visit to a medical
facility, with no narrative or elaboration, demonstrates Plaintiff will have to relinquish his claims
if he has to litigate his claims in the Northern District of California").  Moates claims that he
could submit additional evidence to demonstrate that his situation is in fact analogous to that in
*Walker*.  Obj. at 4.  Because he did not—and indeed could not, at this stage of the proceeding—
there is no reason to disturb Judge Priest Johnson's careful analysis of the record.

Dated:  June 11, 2021

Respectfully submitted,

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
Texas Bar Number 00785097
glennthames@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone:  903 597-8311
Facsimile:  903 593-0846

KEKER, VAN NEST & PETERS LLP
Christopher C. Kearney - # 154101
ckearney@keker.com
W. Hamilton Jordan - # 295004
wjordan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

ATTORNEYS FOR DEFENDANT
FACEBOOK, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5. Service outside the court's electronic-filing system has been completed on June 11, 2021, per the Plaintiff's consent to electronic service, as follows:

Michael Moates at the following email addresses:
michael.moates@thenarrativetimes.org
michaelsmoates@gmail.com

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.