UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL MOATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-896-ALM-KPJ |
| | § | |
| FACEBOOK INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Michael Moates' ("Plaintiff") Motion for Recusal (Dkt. 43). Defendant Facebook Inc. ("Facebook") did not file a response. Upon consideration, the Court finds the Motion (Dkt. 43) is hereby **DENIED**.

### I. BACKGROUND

This lawsuit arises from Facebook's termination of Plaintiff's Facebook account, which is linked to other platforms, such as Instagram, WhatsApp, Oculus, and CrowdTangle. *See* Dkt. 20 at 10–13; Dkt. 45).[1] After losing access to these platforms, Plaintiff sued Facebook, asserting seventeen causes of action, such as breach of contract, fraud, and violations of the federal antitrust statutes. *See* Dkt. 42 at 2–3.

Facebook filed a pending Motion to Transfer (Dkt. 29), wherein it argues that, pursuant to three forum selection clauses, this matter should be transferred to the Northern District of California. On May 14, 2021, the undersigned entered a Report and Recommendation (the "Report") (Dkt. 42), which recommended that Facebook's Motion to Transfer be granted. Plaintiff

---

[1] Facebook represents Plaintiff had two Facebook accounts, which Facebook terminated. *See* Dkt. 29 at 2. Plaintiff contends he has one account. *See* Dkt. 45 at 1. While this factual dispute has no bearing on the Court's legal analysis herein, in the interest of clarity, the Court will assume Plaintiff had one Facebook account.

filed Objections (Dkt. 45), to which Facebook filed a response (Dkt. 48). The same day Plaintiff filed his Objections to the Report, he also filed the pending Motion for Recusal, which urges the undersigned to recuse herself from this action. *See* Dkt. 43. In his Motion for Recusal, Plaintiff argues three tweets from the undersigned, which were created prior to her appointment to the federal bench, warrant her recusal. *See id.*

## II. DISCUSSION AND ANALYSIS

In his Motion for Recusal, Plaintiff argues the undersigned should have recused herself because she previously maintained a Facebook account and may be "subject to any contractual requirements from her contract with [Facebook]." Dkt. 43 at 1. Plaintiff cites three tweets to show the undersigned harbors a personal bias in favor of Facebook. Ultimately, this argument is unavailing.

> Two statutory provisions govern recusal: 28 U.S.C. §§ 144, 455. Section 144 provides:
>
> Whenever a party to any proceeding in a district court makes and files a **timely** and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed **not less than ten days** before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

*Id.* § 144 (emphasis added).

Section 455 provides, in relevant part, that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned. [She] shall also disqualify [herself] . . . where [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a), (b)(1). To disqualify a judicial officer under these provisions, the movant must "(1) demonstrate that the alleged comment, action, or

2

circumstance was of 'extrajudicial' origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). The relevant inquiry is whether a reasonable person who knew of the circumstances would harbor doubts about the judge's impartiality. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). A reasonable person is considered to be "a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious persons.'" *Id.* at 179 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

Plaintiff's arguments for recusal are insufficient under both Sections 144 and 455. Construing Plaintiff's Motion for Recusal as an affidavit under Section 144, the affidavit is untimely. "To avoid a finding of untimeliness, 'one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for disqualification.'" *Grambling Univ. Nat'l Alumni Ass'n v. Board of Sup'rs of La. Sys.*, 286 F. App'x 864, 867 (5th Cir. 2008) (quoting *Travelers Ins. Co. v. Liljberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)). Plaintiff initiated these proceedings on November 19, 2020. Dkt. 1. And yet, Plaintiff only raised his conflict of interest argument on May 28, 2021—approximately six months after filing this lawsuit and two weeks after the undersigned recommended that Facebook's Motion to Transfer be granted. *See* Dkts. 1, 42, 43. Plaintiff's prayer for recusal falls well outside of Section 144's ten-day period, and he offers no explanation as to why he waited so long to raise this issue. *See Knighton v. Univ. of Tex. at Arlington*, No. 4:18-cv-792, 2021 WL 710398, at *3 (N.D. Tex. Feb. 11, 2021) (denying motion to recuse, in part, because motion was filed one year and three months after case was referred to the magistrate judge and the motion offered no explanation for delay).

However, even if Plaintiff timely raised the issue of recusal, the Court finds the tweets to which Plaintiff refers do not raise doubts in the mind of a reasonable observer as to the

undersigned's impartiality. Two tweets, both from 2014, announce that the undersigned had added a new photo to Facebook. The third tweet, also from 2014, states: "BBC News – Facebook boss wants women to act to create 'equal world.'" These tweets do not demonstrate any bias or prejudice in favor of Facebook against Plaintiff, nor would they raise any doubt in a reasonable person's mind regarding the undersigned's impartiality. These tweets were created approximately seven years ago, prior to the undersigned's appointment to the federal bench. Further, the content contained in these tweets shows no indication that the undersigned is biased in favor of Facebook or against Plaintiff.

### III.   CONCLUSION

Based on the foregoing, the Court finds Plaintiff's Motion for Recusal (Dkt. 43) is hereby **DENIED**.

**So ORDERED and SIGNED this 29th day of July, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE